United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-21089
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIX FLORES-MORALES, also known as Felix Morales,
also known as Alfonso Castro,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-278-ALL
---------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Felix Flores-Morales appeals his guilty plea conviction and
sentence for illegal reentry into the United States after
deportation following an aggravated felony in violation of
8 U.S.C. § 1326(a) & (b)(2).  He argues that the district court
erred in enhancing his sentence by 16 levels under U.S.S.G.
§ 2L1.2(b)(1)(A)(ii) based on his 1995 Texas conviction for
sexual assault of a child under TEX. PENAL CODE § 22.011(c)(1); he
argues that the offense was not sexual abuse of a minor because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the term "child" in the TEX. PENAL CODE § 22.011(a)(2)(A) & (c)(1) includes a person younger than 17.  As Flores-Morales concedes, review is limited to plain error.  See United States v. Vega, 332 F.3d 849, 852 n.3 (5th Cir. 2003).  In view of this court's decision in United States v. Zavala-Sustaita, 214 F.3d 601, 604-08 (5th Cir. 2000), Flores-Morales cannot establish that the district court's application of the § 2L1.2 enhancement was clear or obvious error.  See Vega, 332 F.3d at 852 n.3.

Flores-Morales challenges § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Flores-Morales's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Flores-Morales contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Flores-Morales acknowledges the Supreme Court's decision in Almendarez-Torres, but raises the issue to preserve it for further review.

AFFIRMED.